UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY D. DAWSON,<br>　　　　Plaintiff,<br>　　v.<br>DERRICK CHAVIS, et al.,<br>　　　　Defendants. | Case No. 15-cv-02360-RS<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT** |

In her first amended complaint ("FAC"), *pro se* plaintiff and Section 8 housing assistance recipient Kimberly D. Dawson alleges that defendants wrongfully initiated eviction proceedings against her and her family. Dawson was granted leave to proceed *in forma pauperis* but, pursuant to 28 U.S.C. § 1915(a)(1)(ii), her initial complaint was dismissed for failure to state any federal claim. The FAC must be dismissed for the same reason.

A plaintiff bears the burden of demonstrating that the federal courts have jurisdiction over her claims. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Dawson alleges that this action arises under 24 C.F.R. § 880.603, a regulation promulgated by the United States Department of Housing and Urban Development. This court's research, however, has not revealed any federal cause of action against a landlord for failure to comply with the terms of that regulation. *Save Our Valley v. Sound Transit*, 335 F.3d 932, 939 (9th Cir. 2003) ("[F]ederal rights are created by Congress through statutes, not by agencies through regulations."); *see also Elliott v. Plaza Properties, Inc.*, 08-cv-1037, 2010 WL 2541020, at *5 (S.D. Ohio, June 18, 2010) ("Despite the fact that federal law specifies that certain terms be included in leases executed between private landlords who participate in the Section 8 housing program and their tenants," generally, "when a Section 8 landlord evicts a tenant, it is not acting as a federal actor, and there is no jurisdiction in

the federal courts to review the propriety of the landlord's acts."). Dawson is entitled to assert any defenses she may have under federal law in the unlawful detainer case proceeding against her in state court. *See, e.g., Rodriguez v. Westhab, Inc.*, 833 F.Supp.425, 427 (S.D.N.Y. 1993). If those proceedings have concluded and she is dissatisfied with the result, she is also free to appeal that outcome in the California courts. This court, however, does not have the authority to wade into parallel state court proceedings. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (federal district courts lack authority to consider "challenges to state court decisions in particular cases arising out of judicial proceedings").

Dawson's complaint is dismissed with leave to amend. If Dawson elects to file a second amended complaint, she must do so no later than September 25, 2015. If she does not file an amended complaint on or before that date, this action will be dismissed without further notice and the file closed. If she has not already done so, Dawson should consider contacting the Northern District's *pro se* help desk at (415) 782-8982.

**IT IS SO ORDERED**.

Dated: August 26, 2015

RICHARD SEEBORG
United States District Judge