Dec, 18 2016

RECEIVED

DEC 18 2015

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1   Kimberley D. Dawson
    1271 Washington Ave, 216
2   San Leandro, California
    Phone: (408) 991-5539
3
    In Sui Juris
4

5

6           IN THE UNITED STATES DISTRICT COURT AND FOR THE

7                   NORTHERN DISTRICT OF CALIFORNIA

8   KIMBERLEY DAWSON,                )   Case No. C15-2360-RS
                                      )
9           Petitioner,              )   SECOND AMENDED VERIFIED
                                      )   COMPLAINT JURY DEMAND FOR:
10      vs.                          )
                                      )
11  DARRICK JONATHAN & DEANNA        )   (1) Breach of contract
    CHAVIS, HOUSING & COMMUNITY      )   (2) Violating of federal due process
12  DEVELOMENT DIVISIONS             )
                                      )
13          Respondent.              )
                                      )
14  _____ )

15

16

17

18

19  COMES NOW plaintiff, KIMBERLEY D. DAWSON, and for causes of action against defendants

20  and DOES 1 through 50,inclusive, alleges as follows:

21

22          GENERAL ALLEGATIONS

23

24      1.  Plantiff KIMBERLEY D. DAWSON is now, and at all times relevant herein, has been, a

25          resident of the State of California, County of SOLANO

26

27

28                              - 1 -
                    SECOND AMENDED VERIFIED COMPLAINT
                            JURY DEMAND-1

*2.* **PARTIES, JUDRIDICTION and VENUE**

1.      Plaintiff is am American residing in Alameda County within the state of California . Aforementioned plaintiff is the beneficiary of the public trust known commonly as the constitution and the supreme law of the land.

2.      Defendants DERRICK JOHATHAN AND DEANNA CHAVIS resides in Solano county within the state of California.

3.      HOUSING AND COMMUNITY DEVELOPMENT DIVSION MAY BE SERVED at the primary place of business, California, at all times and places material hereto, was ostensibly acting in their capacity of county employees under color of state law and republic trust power . They are being sued in their individual capacity.

4.      My case belongs in federal court under federal jurisdiction because it is about federal law (s) or right(s) which law(s) or right(s) are involved? Violation of my federal due process

5.      The district courts shall have original jurisdiction of all civil actions arising under the constitution, laws, or treaties of he United States. 28 U.S.C. 1331. Venue properly lies in this court given that all parties reside in this federal district.

**FIRST CLAIM**

**(BREACH OF CONTRACT)**

**AGAINST**

**HOUSING COMMUNITY DEVELOMENT VALLEJO &**

**DERRICK AND DEANNA CHAVIS**

8.KIMBERLEY D. DAWSON is a person who has a section 8 voucher and her rights has been violated by the DERRICK AND DEANNA CHAVIS and HOUSING & COMMUNITY

2.      Defendant DERRICK AND DEANNA CHAVIS and DOES 1 through 10, inclusive, are and at all times herein mentioned were, a sole proprietorship doing business as an landlord in the State of California, County of SOLANO.

3.      Defendant HOUSING & COMMUNITY DEVELOPMENT DIVISION and DOES 1 through 10, inclusive, are and at all times herein mentioned were, a governmental agency in the State of California, County of SOLANO.

4.      Plaintiff does not know the true names or legal capacities of the defendants sued herein as Does 1 through 50, inclusive, and therefore sues said defendants by such fictitious names.

5.      Plaintiff is informed and believes, and thereupon alleges, that each of the defendants designated herein as a Doe is legally responsible in some manner for causing the injuries and damages to plaintiff as hereinafter alleged.

6.      Plaintiff is informed and believes and thereupon alleges, that each defendant specifically named or designated herein as a DOE, was the agent, representative, servant, employee, principal, joint venture, co-conspirator, management company and/or representative of each of the remaining co-defendants, and in doing so the acts hereinafter alleged, was acting within the course and scope of said agency, employment, joint venture, conspiracy, agreement, management company agreement and/or service with the approval, knowledge, authority, permission and/or   consent   of the   remaining defendants.

VERIFIED COMPLAINT

JURY DEMAND - 2

1  DEVELOPMENT DIVISION ("HCDD") when defendants deprived KIMBERLY of prior notice

2  of termination, reasonable accommodation of an live-in aide due to her son's disability, refusing

3
   to give a informal hearing for the composition of family size and income.  Removal of three
4
5  tenants from the lease agreement without notice, increase of rents without notice, causing and

6  forced eviction. The defendants continue to violate tenant's constitutionally protected rights

7  under the federally subsidized housing project.

8
           9.        PLAINTIFF'S PERFORMANCE OF THE WRITTEN CONTRACT
9
           Plaintiff, KIMBERLY duly performed each and every condition of the agreement to the
10
11  best of her ability.

12         10.       DEFENDANTS' BREACH

13         Plaintiff, KIMBERLY was relocated, due to a substandard unit in which she lived. Prior
14
    to relocating, KIMBERLY, ASKIA, SELEASSIE, AHMED, ALEXANDER, MODUPE,
15
16  ALICIA lived in the unit.  Upon porting into Vallejo County, KIMBERLY, ASKIA,

17  SELEASSIE, AHMED, ALEXANDER, AND MODUPE would be the tenants now reside on the

18  voucher. Defendant  HCDD failed to  re-evaluate the composition of her family size and income,
19
    causing plaintiff to be serve an eviction for non-payment  of rent.
20
           11.       It is allege that no Notice of change, removing the minors from the voucher
21
22                   was ever sent to KIMBERLY.

23         12.       It is allege that no Notice of change for the increase of rent was provided.
24
    PLAINTIFF'S DAMAGES
25
    WHEREFORE, plaintiff pray for judgment against defendants as follows:
26
27  A.  General damages in the amount of $25,000

28  B.  Exemplary or punitive damages as the jury may deem just and proper

1  <u>503</u> <u>(i)</u> or <u>3</u> <u>(d)(1)</u> [<u>42</u> U.S.C. <u>1437a</u> <u>(d)(1)</u>]) representatives of

2  public housing agencies may only use such information—

3  **(i) to verify an applicant's or participant's eligibility for or**

4  **level of benefits; or**

5  **(ii) in the case of an owner or public housing agency**

6  **responsible for determining eligibility for or level of**

7  **benefits, to inform such owner or public housing agency that an**

8  **applicant's or participant's eligibility for or level of**

9  **benefits is uncertain and to request such owner or public**

10  **housing agency to verify such applicant's or participant's**

11  **income information.**

12  (B) No Federal, State, or local agency, or public housing

13  agency, or owner responsible for determining eligibility for or

14  level of benefits receiving such information may terminate,

15  deny, suspend, or reduce any benefits of an applicant or

16  participant until such agency or owner has taken appropriate

17  steps to independently verify information relating to—

18  **(i) The amount of the wages, other earnings or income, or**

19  **unemployment compensation involved,**

20  **(ii) Whether such applicant or participant actually has (or had)**

21  **access to such wages, other earnings or income, or benefits for**

22  **his or her own use, and**

23  **(iii) The period or periods when, or with respect to which, the**

24  **applicant or participant actually received such wages, other**

25  **earnings or income, or benefits.**

26  (C) Such applicant or participant shall be informed by the

27  agency or owner of the findings made by the agency or owner on

28  the basis of such verified information, and shall be given an

AMENDED VERIFIED COMPLAINT

JURY DEMAND-1

increase in rent which is causing the defendant to try to evict me! **denial of Due process!** No opportunity to contest was given to me the Plaintiff to contest the decisions made by PHA or owner to reduce my services, remove children Family members from my voucher/household, increase my rent and gives the owner the okay to evict me without Due process or the opportunity to contest the findings of documents received 10 months ago. (example Policy changes have come about because of a class action lawsuit brought against the <u>Seattle Housing Authority</u> by <u>Columbia Legal Services</u>. As a part of the settlement, SHA agreed to change their policies to reflect the following:

- Section 8 voucher holders can add minors to their vouchers without proof of court awarded custody.
- (i) A family with or without children (a child who is temporarily away from the home because of placement in foster care is considered a member of the family);
- PAH must provide tenants with a notice of opportunity for judicial review following an adverse termination hearing decision.
  Pre-termination conference are now required before a termination can move forward, and must include discussion of possible reasonable accommodations options.
- A correction of SHA's definition of disability to include temporary disabilities and conform with applicable laws.

**Discrimination**

AMENDED VERIFIED COMPLAINT

JURY DEMAND-1

1  decrease in income if the decrease was caused by a deliberate
2  action of the tenant to avoid paying rent.49 This will almost
3  never be the reason a tenant suffers a decrease in income.
4  Second, the owner may refuse to decrease the tenant's rent if
5  the owner has confirmation that the decrease will last less than
6  one month.50 HUD gives the owner the right, however, to process
7  an interim recertification if it chooses (47 **See id. at § 5.657**
8  **(c) (2008) ("A family may request an interim reexamination of**
9  **family income because of any changes since the last examination.**
10 but cautions that an owner must implement this policy
11 consistently for all tenants.
12
13 Landlord actions to terminate my tenancy by Eviction  is not
14 based on the rental agreement or nor good cause the action is
15 based on the Vallejo/ Hayward Housing Authority failure to
16 adhere and follow HUD federal regulations and guidelines that
17 apply to the Section 8 program/participants,  when there has
18 been a change in the family income. The owner has the right to
19 challenge the discrepancy and insist that they make it right
20 because their actions directly affect both of our families/and
21 Business. The owners will not request a hearing to dispute the
22 calculations of income so the right rent is applied, nor as the
23 owner provided a 30 day notice, or provide a 10 day period to
24 discuss the proposed termination. They rather impose this cruel
25 harsh penalty of a fast eviction on me and my venerable family
26 for PHA administrative error that the owners should be helping
27 me with or provide a smaller until based on any section 8
28 changes. (Section 8 is a federal owned program and all owners

AMENDED VERIFIED COMPLAINT

JURY DEMAND-1

In addition, when the eviction is based on other good cause, the termination date must be effective at the end of the lease term and not during the lease term.23 Thus, for example, if the tenant is six months into a one year lease, the landlord may not evict on grounds that fall under the definition of other good cause until the lease term has expired. On the other hand, if the tenant's lease term has expired or the lease is on a month-to-month basis, the landlord may evict for other good cause after giving the proper thirty-day notice of proposed termination. Of course, the owner must prove good cause in court and cannot simply show that the lease has expired and that he has given proper notice of termination.24

**Denial of Due process**

**Notice of Lease Termination.**
The notice of termination must comply with certain requirements. It must state the date the tenancy is terminated; state the reasons for the eviction with sufficient specificity to enable the tenant to prepare a defense; advise the tenant that if he or she remains in the apartment on the date specified for termination, the landlord may seek to enforce the termination only by bringing a judicial action, at which time the tenant may present a defense;25 advise the tenant that he has ten days in which to discuss the proposed termination of tenancy with the landlord; 26 and advise that persons with disabilities have the right to request reasonable accommodations to participate in the hearing process.27 In addition, the landlord must also comply with all requirements of state law.28 No termination is valid unless the landlord has complied with the federal notice requirements.29 Subsidized

*Second* AMENDED VERIFIED COMPLAINT

JURY DEMAND-1

landlords frequently fail to give adequate notice of termination. As noted,
it is a defense to eviction when the landlord fails to give proper notice of
lease termination.  5 24 C.F.R. § 247.4(a) (2008). A thirty-day notice of
termination is required for termination based on good cause.39 In evictions
for criminal activity, alcohol abuse, material noncompliance, or material
failure to carry out obligations under a state landlord and tenant act, the
notice period is determined by the lease agreement and state law.40 The
landlord may not rely on any grounds in court which are different from the
reasons set forth in the termination notice, except those grounds of which
the landlord had (24 C.F.R. at § 247.4(e); Fairview Co. v. Idowu, supra note
31, 559 N.Y.S.2d at 929; see Leake v. Ellicott Redevelopment Phase II, supra
note 29, 470 F. Supp. at 602). no knowledge at the time the termination
notice was sent.41 As noted, the notice of termination must state that the
tenant has ten days in which to discuss the proposed eviction with the
landlord.42

# Denial of Due process

# Nonpayment of Rent Evictions.

Evictions for alleged nonpayment of rent must always be
scrutinized especially carefully, because many possible defenses
are available. If the facts show that the eviction is truly for
nonpayment of rent (as distinguished from nonpayment of other
charges), the reason for the default should be examined. If, for
example, the tenant did not pay because of a decrease in income,
the tenant family is entitled to have its rent reduced.47 Only
two exceptions to this rule exist.48 First, an owner may refuse
to process an interim adjustment when the tenant reports a

AMENDED VERIFIED COMPLAINT

JURY DEMAND-1

1  DEVELOPMENT DIVISION ("HCDD") when defendants deprived KIMBERLY of prior notice

2  of termination, reasonable accommodation of an live-in aide due to her son's disability, refusing

3
   to give a informal hearing for the composition of family size and income.  Removal of three
4

5  tenants from the lease agreement without notice, increase of rents without notice, causing and

6  forced eviction. The defendants continue to violate tenant's constitutionally protected rights

7  under the federally subsidized housing project.

8
          9.        PLAINTIFF'S PERFORMANCE OF THE WRITTEN CONTRACT
9

10         Plaintiff, KIMBERLY duly performed each and every condition of the agreement to the

11 best of her ability.

12         10.       DEFENDANTS' BREACH

13         Plaintiff, KIMBERLY was relocated, due to a substandard unit in which she lived. Prior

14
   to relocating, KIMBERLY, ASKIA, SELEASSIE, AHMED, ALEXANDER, MODUPE,
15

16 ALICIA lived in the unit.  Upon porting into Vallejo County, KIMBERLY, ASKIA,

17 SELEASSIE, AHMED, ALEXANDER, AND MODUPE would be the tenants now reside on the

18 voucher. Defendant  HCDD failed to  re-evaluate the composition of her family size and income,

19
   causing plaintiff to be serve an eviction for non-payment  of rent.
20

21         11.       It is allege that no Notice of change, removing the minors from the voucher

22                   was ever sent to KIMBERLY.

23         12.       It is allege that no Notice of change for the increase of rent was provided.

24 PLAINTIFF'S DAMAGES

25 WHEREFORE, plaintiff pray for judgment against defendants as follows:
26

27    A. General damages in the amount of $25,000

28    B. Exemplary or punitive damages as the jury may deem just and proper

                        Second AMENDED VERIFIED COMPLAINT

                              JURY DEMAND - 4

1  503 (i) or 3 (d)(1) [42 U.S.C. 1437a (d)(1)]) representatives of

2  public housing agencies may only use such information—

3  (i) to verify an applicant's or participant's eligibility for or

4  level of benefits; or

5  (ii) in the case of an owner or public housing agency

6  responsible for determining eligibility for or level of

7  benefits, to inform such owner or public housing agency that an

8  applicant's or participant's eligibility for or level of

9  benefits is uncertain and to request such owner or public

10  housing agency to verify such applicant's or participant's

11  income information.

12  (B) No Federal, State, or local agency, or public housing

13  agency, or owner responsible for determining eligibility for or

14  level of benefits receiving such information may terminate,

15  deny, suspend, or reduce any benefits of an applicant or

16  participant until such agency or owner has taken appropriate

17  steps to independently verify information relating to—

18  (i) The amount of the wages, other earnings or income, or

19  unemployment compensation involved,

20  (ii) Whether such applicant or participant actually has (or had)

21  access to such wages, other earnings or income, or benefits for

22  his or her own use, and

23  (iii) The period or periods when, or with respect to which, the

24  applicant or participant actually received such wages, other

25  earnings or income, or benefits.

26  (C) Such applicant or participant shall be informed by the

27  agency or owner of the findings made by the agency or owner on

28  the basis of such verified information, and shall be given an

AMENDED VERIFIED COMPLAINT

JURY DEMAND-1

1  DEVELOPMENT DIVISION ("HCDD") when defendants deprived KIMBERLY of prior notice
2  of termination, reasonable accommodation of an live-in aide due to her son's disability, refusing
3
4  to give a informal hearing for the composition of family size and income.  Removal of three
5  tenants from the lease agreement without notice, increase of rents without notice, causing and
6  forced eviction. The defendants continue to violate tenant's constitutionally protected rights
7  under the federally subsidized housing project.
8
9         9.        **PLAINTIFF'S PERFORMANCE OF THE WRITTEN CONTRACT**
10        Plaintiff, KIMBERLY duly performed each and every condition of the agreement to the
11 best of her ability.
12        10.       **DEFENDANTS' BREACH**
13        Plaintiff, KIMBERLY was relocated, due to a substandard unit in which she lived. Prior
14 to relocating, KIMBERLY, ASKIA, SELEASSIE, AHMED, ALEXANDER, MODUPE,
15 ALICIA lived in the unit.  Upon porting into Vallejo County, KIMBERLY, ASKIA,
16 SELEASSIE, AHMED, ALEXANDER, AND MODUPE would be the tenants now reside on the
17
18 voucher. Defendant  HCDD failed to  re-evaluate the composition of her family size and income,
19 causing plaintiff to be serve an eviction for non-payment  of rent.
20
21        11.        It is allege that no Notice of change, removing the minors from the voucher
22                   was ever sent to KIMBERLY.
23        12.        It is allege that no Notice of change for the increase of rent was provided.
24        **PLAINTIFF'S DAMAGES**
25 WHEREFORE, plaintiff pray for judgment against defendants as follows:
26
27    A.  General damages in the amount of $25,000
28    B.  Exemplary or punitive damages as the jury may deem just and proper

         Second AMENDED VERIFIED COMPLAINT
                   JURY DEMAND - 4

1  opportunity to contest such findings, in the same manner as
2  applies to other information and findings relating to
3  eligibility factors under the program.

4

5  **(3) Penalty**
6  (A) Any person who knowingly and willfully requests or obtains
   any information concerning an applicant or participant pursuant
7  to the authority contained in section 503 (i) of this title,
   section 3(d)(1) of the United States Housing Act of 1937 [42
8  U.S.C. 1437a (d)(1)], or section 6103 (l)(7)(D)(ix) of title 26
9  without consent or agreement, as applicable, pursuant to
   subsection (b) of this section or under false pretenses, or any
10 person who knowingly and willfully discloses any such
   information in any manner to any individual not entitled under
11 any law to receive it, shall be guilty of a misdemeanor and
12 fined not more than $5,000. The term "person" as used in this
   paragraph shall include an officer or employee of the Department
13 of Housing and Urban Development, an officer or employee of any
   public housing agency, and any owner responsible for determining
14 eligibility for or level of benefits (or employee thereof).
15 (B) Any applicant or participant affected by
16 (i) **a negligent or knowing disclosure of information referred to**
   **in this section, section** 503 (i) of this title, section 3(d)(1)
17 of the United States Housing Act of 1937 [42 U.S.C. 1437a
   (d)(1)], or section 6103 (l)(7)(D)(ix) of title 26 about such
18 person by an officer or employee of any public housing agency or
   owner (or employee thereof), which disclosure is not authorized
19 by this section, such section 503 (i), such section 3 (d)(1) [42
   U.S.C. 1437a (d)(1)], such section 6103 (l)(7)(D)(ix), or any
20 regulation implementing this section, such section 503 (i), such
21 section 3 (d)(1) [42 U.S.C. 1437a (d)(1)], or such section 6103
   (l)(7)(D)(ix), or for which consent, pursuant to subsection (b)
22 of this section, has not been granted, or
23 (ii) **any other negligent or knowing action that is inconsistent**
24 **with this section, such section** 503 (i), **such section** 3 (d)(1)
25 [42 **U.S.C.** 1437a (d)(1)], **such section** 6103 (l)(7)(D)(ix), **or**
26 **any such implementing regulation may bring a civil action for**
27 **damages and such other relief as may be appropriate against any**
28 **officer or employee of any public housing agency or owner (or**
   **employee thereof) responsible for any such unauthorized action.**

AMENDED VERIFIED COMPLAINT

JURY DEMAND-1

1   DEVELOPMENT DIVISION ("HCDD") when defendants deprived KIMBERLY of prior notice

2   of termination, reasonable accommodation of an live-in aide due to her son's disability, refusing

3   to give a informal hearing for the composition of family size and income.  Removal of three

4   tenants from the lease agreement without notice, increase of rents without notice, causing and

5   forced eviction. The defendants continue to violate tenant's constitutionally protected rights

6

7   under the federally subsidized housing project.

8          **9.**       **PLAINTIFF'S PERFORMANCE OF THE WRITTEN CONTRACT**

9          Plaintiff, KIMBERLY duly performed each and every condition of the agreement to the

10  best of her ability.

11

12         **10.**      **DEFENDANTS' BREACH**

13         Plaintiff, KIMBERLY was relocated, due to a substandard unit in which she lived. Prior

14  to relocating, KIMBERLY, ASKIA, SELEASSIE, AHMED, ALEXANDER, MODUPE,

15  ALICIA lived in the unit.  Upon porting into Vallejo County, KIMBERLY, ASKIA,

16

17  SELEASSIE, AHMED, ALEXANDER, AND MODUPE would be the tenants now reside on the

18  voucher. Defendant  HCDD failed to  re-evaluate the composition of her family size and income,

19  causing plaintiff to be serve an eviction for non-payment  of rent.

20         11.       It is allege that no Notice of change, removing the minors from the voucher

21                   was ever sent to KIMBERLY.

22

23         12.       It is allege that no Notice of change for the increase of rent was provided.

24      **PLAINTIFF'S DAMAGES**

25  WHEREFORE, plaintiff pray for judgment against defendants as follows:

26  A.  General damages in the amount of $25,000

27

28  B.  Exemplary or punitive damages as the jury may deem just and proper

1  personal privacy or modesty, only be performed by a member of
2  the same sex as those receiving the services. B) Section 109 of
3  the Act does not directly prohibit discrimination on the basis
4  of age or disability, but directs that the prohibitions against
5  discrimination on the basis of age [48 FR 22915, May 23, 1983.
6  Re designated and amended at 49 FR 6713, 6715, Feb. 23,
7  1984]3)(i) In administering a program or activity in which the
8  Recipient has discriminated on the grounds of race, color,
9  national origin, religion or sex,
10 the Recipient must take any necessary steps to overcome the
11 effects of prior discrimination.(ii) In the absence of
12 discrimination, a Recipient, in administering a program or
13 activity, Recipient may not make selections that have the
14 purpose or effect of defeating or substantially impairing the
15 accomplishment of the objectives of section 109 and of this part
16 6 may take any steps necessary to overcome the effects of
17 conditions admitting participation by persons of a particular
18 race, color, national origin religion sex
19 Discrimination cont
20  *(iii) After a finding of noncompliance, or after a Recipient*
21 *has reasonable cause to believe that **discrimination has***
22 ***occurred, a Recipient shall not be prohibited by this section***
23 ***from taking any action*** eligible under sub part C of 24 CFR part
24 570 to ameliorate an imbalance in benefits, services or
25 facilities provided to any geographic area or specific group of
26 persons within its jurisdiction, where the purpose of such
27 action is to remedy discriminatory practices or usage.
28

AMENDED VERIFIED COMPLAINT

JURY DEMAND-1

C. Mental Anguish in the amount of $25,000

D. Illegally eviction

E. Special damages in the amount of $25,000.

F. For plaintiff's costs of suit herein; and

G. For such and further relief as to the Court may deem just and proper.

I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Dated   Dec 18 2015

_____

KIMBERLY D. DAWSON SUI JURIS

AMENDED VERIFIED COMPLAINT

JURY DEMAND - 5

1   decrease in income if the decrease was caused by a deliberate
2   action of the tenant to avoid paying rent.49 This will almost
3   never be the reason a tenant suffers a decrease in income.
4   Second, the owner may refuse to decrease the tenant's rent if
5   the owner has confirmation that the decrease will last less than
6   one month.50 HUD gives the owner the right, however, to process
7   an interim recertification if it chooses (47 **See id. at § 5.657**
8   **(c) (2008) ("A family may request an interim reexamination of**
9   **family income because of any changes since the last examination.**
10  but cautions that an owner must implement this policy
11  consistently for all tenants.
12
13  Landlord actions to terminate my tenancy by Eviction  is not
14  based on the rental agreement or nor good cause the action is
15  based on the Vallejo/ Hayward Housing Authority failure to
16  adhere and follow HUD federal regulations and guidelines that
17  apply to the Section 8 program/participants,  when there has
18  been a change in the family income. The owner has the right to
19  challenge the discrepancy and insist that they make it right
20  because their actions directly affect both of our families/and
21  Business. The owners will not request a hearing to dispute the
22  calculations of income so the right rent is applied, nor as the
23  owner provided a 30 day notice, or provide a 10 day period to
24  discuss the proposed termination. They rather impose this cruel
25  harsh penalty of a fast eviction on me and my venerable family
26  for PHA administrative error that the owners should be helping
27  me with or provide a smaller until based on any section 8
28  changes. (Section 8 is a federal owned program and all owners

AMENDED VERIFIED COMPLAINT

JURY DEMAND-1

1  landlords frequently fail to give adequate notice of termination. As noted,

2  it is a defense to eviction when the landlord fails to give proper notice of

3  lease termination.  5 24 C.F.R. § 247.4(a) (2008). A thirty-day notice of

4  termination is required for termination based on good cause.39 In evictions

5  for criminal activity, alcohol abuse, material noncompliance, or material

6  failure to carry out obligations under a state landlord and tenant act, the

7  notice period is determined by the lease agreement and state law.40 The

8  landlord may not rely on any grounds in court which are different from the

9  reasons set forth in the termination notice, except those grounds of which

10 the landlord had (24 C.F.R. at § 247.4(e); Fairview Co. v. Idowu, supra note

11 31, 559 N.Y.S.2d at 929; see Leake v. Ellicott Redevelopment Phase II, supra

12 note 29, 470 F. Supp. at 602). no knowledge at the time the termination

13 notice was sent.41 As noted, the notice of termination must state that the

14 tenant has ten days in which to discuss the proposed eviction with the

15 landlord.42

16 **Denial of Due process**

17

18

19 **Nonpayment of Rent Evictions.**

20 Evictions for alleged nonpayment of rent must always be

21 scrutinized especially carefully, because many possible defenses

22 are available. If the facts show that the eviction is truly for

23 nonpayment of rent (as distinguished from nonpayment of other

24 charges), the reason for the default should be examined. If, for

25 example, the tenant did not pay because of a decrease in income,

26 the tenant family is entitled to have its rent reduced.47 Only

27 two exceptions to this rule exist.48 First, an owner may refuse

28 to process an interim adjustment when the tenant reports a

AMENDED VERIFIED COMPLAINT

JURY DEMAND-1

increase in rent which is causing the defendant to try to evict me! **denial of Due process!** No opportunity to contest was given to me the Plaintiff to contest the decisions made by PHA or owner to reduce my services, remove children Family members from my voucher/household, increase my rent and gives  the owner the okay to evict me without Due process or the opportunity to contest the  findings of documents received 10 months ago. (example Policy changes have come about because of a class action lawsuit brought against the <u>Seattle Housing Authority</u> by <u>Columbia Legal Services</u>. As a part of the settlement, SHA agreed to change their policies to reflect the following:

- Section 8 voucher holders can add minors to their vouchers without proof of court awarded custody.
- (i) A family with or without children (a child who is temporarily away from the home because of placement in foster care is considered a member of the family);
- PAH must provide tenants with a notice of opportunity for judicial review following an adverse termination hearing decision.
  Pre-termination conference are now required before a termination can move forward, and must include discussion of possible reasonable accommodations options.
- A correction of SHA's definition of disability to include temporary disabilities and conform with applicable laws.

**Discrimination**

1  (iv)(A) Notwithstanding anything to the contrary in this part,
2  nothing contained in this section shall be construed to prohibit
3  any Recipient from maintaining or constructing separate living
4  facilities or restroom facilities for the different sexes in
5  order to protect personal privacy or modesty concerns.
6  Furthermore, selectivity on the basis of sex is not prohibited
7  when institutional or custodial services can, in the interest of
8  personal privacy or modesty, only be performed by a member of
9  the same sex as those receiving the services. B) Section 109 of
10 the Act does not directly prohibit discrimination on the basis
11 of age or disability, but directs that the prohibitions against
12 discrimination on the basis of age   (NOTE
13
14 **§5.236   Procedures for termination, denial, suspension, or**
15 **reduction of** assistance based on information obtained from a
16 SWICA or Federal agency.
17
18
19
20
21
22
23
24
25
26
27
28

AMENDED VERIFIED COMPLAINT

JURY DEMAND-1

1  MUST abide my HUD regulations) **I have been denial of Due process**
2  **based on these reasons!** The owners are totally aware of this
3  unlawful action and are deliberately trying to take my voucher;
4  the owner has stated this to me several times!  This action
5  would take my voucher that I've maintained with integrity for
6  over 20 years and put us out in the street by force because of a
7  calculation error and owners conflict of interested relation
8  with the VHA. The owners are ready to put my 7month pregnant
9  daughter my Disabled Son out and displace them with nowhere to
10 go. We have paid our rent successfully our first year of renting
11 from these owners. My family can't withstand being homeless,
12 this evil action would cause extreme hardship.

13

14

15 **Applicant and participant protections**
16 (A) In order to protect applicants for, and recipients of,
17 benefits under the programs of the Department of Housing and
18 Urban Development from the improper use of information obtained
19 pursuant to the requirements of section  (i) of this title from
20 the State agency charged with the administration of the State
21 unemployment compensation law, pursuant to section 3(d)(1) of
22 the United States Housing Act of 1937 [42 U.S.C. 1437a (d)(1)]
23 from the applicant or participant, or pursuant to section 6103
24 (l)(7)(D)(ix) of title 26 from the Commissioner of Social
25 Security or the Secretary of the Treasury, officers and
26 employees of the Department of Housing and Urban Development and
27 (in the case of information obtained pursuant to such section

28

AMENDED VERIFIED COMPLAINT

JURY DEMAND-1

1  MUST abide my HUD regulations) **I have been denial of Due process**
2  **based on these reasons!** The owners are totally aware of this
3  unlawful action and are deliberately trying to take my voucher;
4  the owner has stated this to me several times!  This action
5  would take my voucher that I've maintained with integrity for
6  over 20 years and put us out in the street by force because of a
7  calculation error and owners conflict of interested relation
8  with the VHA. The owners are ready to put my 7month pregnant
9  daughter my Disabled Son out and displace them with nowhere to
10 go. We have paid our rent successfully our first year of renting
11 from these owners. My family can't withstand being homeless,
12 this evil action would cause extreme hardship.
13
14
15 **Applicant and participant protections**
16 (A) In order to protect applicants for, and recipients of,
17 benefits under the programs of the Department of Housing and
18 Urban Development from the improper use of information obtained
19 pursuant to the requirements of section  (i) of this title from
20 the State agency charged with the administration of the State
21 unemployment compensation law, pursuant to section 3(d)(1) of
22 the United States Housing Act of 1937 [42 U.S.C. 1437a (d)(1)]
23 from the applicant or participant, or pursuant to section 6103
24 (1)(7)(D)(ix) of title 26 from the Commissioner of Social
25 Security or the Secretary of the Treasury, officers and
26 employees of the Department of Housing and Urban Development and
27 (in the case of information obtained pursuant to such section
28

AMENDED VERIFIED COMPLAINT

JURY DEMAND-1

1  The district court of the United States in the district in which
2  the affected applicant or participant resides, in which such
3  unauthorized action occurred, or in which the applicant or
4  participant alleged to be responsible for any such unauthorized
5  action resides, shall have jurisdiction in such matters.
6  Appropriate relief that may be ordered by such district courts
7  shall include reasonable attorney's fees and other litigation
8  costs.

9  **(a)**
10  *Change in family composition, family's notification.*
       (b)  The family shall notify the owner of a change in family
11           composition and shall transfer to an appropriate size
12           dwelling unit, based on family composition, upon
             appropriate notice by the owner of HUD that such a
13           dwelling unit is available. Such a family shall have
             priority over a family on the owner's waiting list
14           seeking the same size unit.
15  (b) *Change in family composition, owner's responsibilities.* Upon
    receipt by the owner of a notification by the family of a change
16  in the family size, the owner agrees to offer the family a
    suitable unit as soon as one becomes vacant and ready for
17  occupancy. If the owner does not have any suitable units or if
    no vacancy of a suitable unit occurs within a reasonable time,
18  HUD may assist the family in finding a suitable dwelling unit
19  and require the family to move to such unit as soon as possible.
    (c) *HUD actions if appropriate size unit is not made available.*
20  If the owner fails to offer the family a unit appropriate for
    the size of the family when such unit becomes vacant and ready
21  for occupancy, HUD may abate housing assistance payments to the
22  owner for the unit occupied by the family and assist the family
    in finding a suitable dwelling unit elsewhere.
23  [46 FR 19467, Mar. 31, 1981]

24
25  **Denial of Due process**
26  VHA removed minors from my household without notice, based on
27  third part information that was sent to them saying that I
28  didn't have custody of my grandchildren causing an outrage

AMENDED VERIFIED COMPLAINT

JURY DEMAND-1

1  MUST abide my HUD regulations) **I have been denial of Due process**
2  **based on these reasons!** The owners are totally aware of this
3  unlawful action and are deliberately trying to take my voucher;
4  the owner has stated this to me several times!  This action
5  would take my voucher that I've maintained with integrity for
6  over 20 years and put us out in the street by force because of a
7  calculation error and owners conflict of interested relation
8  with the VHA. The owners are ready to put my 7month pregnant
9  daughter my Disabled Son out and displace them with nowhere to
10 go. We have paid our rent successfully our first year of renting
11 from these owners. My family can't withstand being homeless,
12 this evil action would cause extreme hardship.
13
14
15 **Applicant and participant protections**
16 (A) In order to protect applicants for, and recipients of,
17 benefits under the programs of the Department of Housing and
18 Urban Development from the improper use of information obtained
19 pursuant to the requirements of section  (i) of this title from
20 the State agency charged with the administration of the State
21 unemployment compensation law, pursuant to section 3(d)(1) of
22 the United States Housing Act of 1937 [42 U.S.C. 1437a (d)(1)]
23 from the applicant or participant, or pursuant to section 6103
24 (1)(7)(D)(ix) of title 26 from the Commissioner of Social
25 Security or the Secretary of the Treasury, officers and
26 employees of the Department of Housing and Urban Development and
27 (in the case of information obtained pursuant to such section
28

AMENDED VERIFIED COMPLAINT

JURY DEMAND-1

1  increase in rent which is causing the defendant to try to evict

2  me! **denial of Due process!** No opportunity to contest was given

3  to me the Plaintiff to contest the decisions made by PHA  or

4  owner to reduce my services, remove children Family members from

5  my voucher/household, increase my rent and gives  the owner the

6  okay to evict me without Due process or the opportunity to

7  contest the  findings of documents received 10 months ago.

8  (example Policy changes have come about because of a class

9  action lawsuit brought against the Seattle Housing Authority by

10 Columbia Legal Services. As a part of the settlement, SHA agreed

11 to change their policies to reflect the following:

12 • Section 8 voucher holders can add minors to their vouchers

13    without proof of court awarded custody.

14 • (i) A family with or without children (a child who is

15    temporarily away from the home because of placement in

16    foster care is considered a member of the family);

17 • PAH must provide tenants with a notice of opportunity for

18    judicial review following an adverse termination hearing

19    decision.

20    Pre-termination conference are now required before a

21    termination can move forward, and must include discussion

22    of possible reasonable accommodations options.

23 • A correction of SHA's definition of disability to include

24    temporary disabilities and conform with applicable laws.

25

26 **Discrimination**

27

28

AMENDED VERIFIED COMPLAINT

JURY DEMAND-1